UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HUSSAIN ALI, *Individually*, and PRAKASH
BACHANI, *Individually*,

                        Plaintiffs,                  **ORDER**

        -against-                          24 Civ. 4617 (AEK)

QUICK STOP DELI AND CONVENIENCE, INC.
*doing business as* QUICK STOP DELI AND
CONVENIENCE and HARJINDER SINGH,

                        Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       The parties have reported to the Court that they have settled their dispute, including claims brought under the Fair Labor Standards Act ("FLSA").

       In the Second Circuit, parties that privately settle FLSA claims must either (a) file a notice of acceptance of offer of judgment and offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, *see Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395 (2d Cir. 2019), or (b) apply to the Court for judicial approval of the settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Accordingly, it is **ORDERED** that by no later than **Friday, January 10, 2025**, the parties must submit a joint motion notifying the Court of which option they are pursuing and attaching the required supporting documentation.

       If the parties seek judicial approval of the settlement pursuant to *Cheeks*, they must submit, by the date specified above: (a) a joint letter motion for judicial approval of their settlement, setting forth the parties' basis for why the settlement is fair and reasonable under the "totality of the circumstances," including the nine factors specified in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012); (b) a copy of their written settlement

agreement, executed by all parties; and (c) counsel's contingency fee agreement (if any) and time and expense records, to the extent necessary to support any award of attorneys' fees and costs.

The Court notes that "it would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit given the policy concerns underlying the FLSA." *Souza v. 65 St. Marks Bistro*, No. 15-cv-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015).  This extends to so-called non-disparagement clauses, if such clauses prevent the plaintiffs from making truthful statements about their experience litigating this case. *See Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016).

The parties are cautioned that "courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA." *Cruz v. Relay Delivery, Inc.*, No. 17-cv-7475 (JLC), 2018 WL 4203720, at *1 (S.D.N.Y. Sept. 4, 2018) (cleaned up).

The parties also are reminded that courts in this District frequently approve FLSA settlements that contain release language that is limited to the wage-and-hour claims asserted in the action and related claims that could have been asserted, *see, e.g.*, *Illescas v. Four Green Fields LLC*, No. 20-cv-9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021), and that courts will, under appropriate circumstances, approve general releases that are mutual in all respects, negotiated by competent counsel for both sides, and involve former employees who have no ongoing relationship with the employer, *see Souza*, 2015 WL 7271747, at *5; *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016).

This Court's fairness review "extends to the reasonableness of attorneys' fees and costs." *Fisher v. SD Protections Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). The parties are therefore reminded that any proposed award of fees and costs must be memorialized in the written settlement agreement, signed by the parties, and supported by copies of counsel's contingency fee agreement (if any) and time and expense records, properly authenticated. *Id*. at 600. The information provided—including contemporaneous time records and documentation regarding counsel's level of experience and hourly rates—must be sufficient to support a lodestar calculation. *See Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) ("[E]ven when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees.") (quotation marks omitted). With respect to costs, Plaintiff's counsel must provide proper substantiation, including invoices, receipts, or a sworn statement regarding expenses incurred. *See Cortes*, 2016 WL 3455383, at *6.

Dated: December 11, 2024
       White Plains, New York

                                            **SO ORDERED.**

                                            _____
                                            ANDREW E. KRAUSE
                                            United States Magistrate Judge